# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Malik Aziz El, | : | Case No. 1:05CV1993 |
| | : | |
| Petitioner | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Margaret Bradshaw, | : | |
| | : | **Report and Recommendation** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his January 8, 2004 conviction pursuant to a jury trial of one count of attempted murder, one count of felonious assault,[1] and one count of aggravated robbery, each count bearing a prior conviction specification, a repeat violent offender specification, and two firearm specifications, upon which he is serving concurrent sentences of 10 years incarceration on each count, plus three years actual incarceration for the firearm specification and one year for the repeat violent offender specification, with the three year sentence to run prior to and consecutive to the ten year sentences and the one year sentence to run consecutive to the others, for a cumulative sentence of fourteen years (with five years of post-release control).

On January 20, 2004 petitioner filed a motion for new trial, arguing that the trial court had improperly refused to admit testimony that he had voluntarily submitted to a polygraph, that his conviction was based upon insufficient evidence, and that there had been prosecutorial misconduct

---

[1] Petitioner was acquitted on three additional counts of felonious assault.

during closing argument. That motion was denied by the trial court on February 9, 2004, for the reasons that the court had already ruled upon the first two issues and that petitioner failed to offer affidavit support for the third.

Petitioner, represented by new counsel, appealed his convictions to the Ohio Eighth District Court of Appeals alleging five assignments of error:

1. Appellant's right to due process was violated when the trial court allowed the State to introduce evidence of a witness' pretrial identification from a photographic array without introducing the photographic array or testimony from the officer who administered it and because the same witness was unable to identify Appellant at trial.

2. The trial court erred by denying Appellant's motion for acquittal under Crim.R. 29 because the State presented insufficient evidence.

3. The convictions were against the manifest weight of the evidence.

4. Appellant's sentence is contrary to law because the trial court failed to place on the record the findings and reasons required to lawfully impose maximum sentences and/or to lawfully impose additional time under R.C. 2929.14(D)(2).

5. Appellant's sentence is contrary to law because the trial court failed to consider whether it is consistent with sentence imposed for similar crimes committed by similar offenders as required by law.

On September 1, 2004 the appellate court affirmed the convictions, but remanded the case for resentencing.

On March 24, 2005 the trial court resentenced petitioner to the original sentences. Although petitioner filed a direct appeal of the foregoing sentence, at his request that appeal was dismissed

2

on October 11, 2005.

On January 18, 2005 petitioner, acting *pro se*, filed with the Ohio Supreme Court an appeal of the appellate court's affirmance of his convictions, alleging the following two propositions of law:

> **Proposition of Law No. I:**   The absence of sufficient competent, credible evidence to establish guilt beyond a reasonable doubt renders a resulting conviction violative of the due process clause.
>
> **Proposition of Law No. II:**   When a trial court permits the introduction of a purported pre-trial identification over objection and in the absence of any indicia of reliability, due process is denied the defendant.

On March 23, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On January 20, 2005 petitioner, acting *pro se*, filed a timely application to reopen his direct appeal, in which he alleged the ineffective assistance of appellate counsel on that appeal for failing to properly argue the first assignment of error raised therein, that being:

> The trial court erred and abused its discretion in allowing testimony regarding a pre-trial identification procedure that was impermissibly suggestive and which lacked any indicia of reliability.

Petitioner found to be particularly problematic the failure to argue that no elements of reliability were present in the identification testimony, that the purpose of introducing such testimony was to convince the jury to believe that a pre-trial identification had been made when it had not, and that there was no reason to file a pre-trial motion to suppress as there had been no pre-trial identification of petitioner as the perpetrator.  That application was denied by the state appellate court on May 12, 2005 in light of petitioner's failure to include a sworn affidavit indicating the basis for his claim of ineffective assistance of appellate counsel and the manner in which the representation prejudiced

3

the outcome of his appeal, and in light of the fact that the arguments raised in the application were barred by res judicata. No further appeal was taken.

On August 15, 2005 the petitioner filed the instant *pro se* petition, in which he raises the following claims for relief:

> **A.  GROUND ONE:** CONVICTION OBTAINED BY UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.
>
> **Supporting FACTS:** "There was no proof that Defendant was at the scene. No fingerprints, no gun powder residue test to prove defendant was the shooter. Witnesses made no positive ID of Mr. Aziz in a line up or during trial identification! There was no gun recovered. The trial court erred by dening [sic] appellants' motion for acquittal under Crim. R. 29, because the State presented insufficient evidence."
>
> **B.  GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL
>
> **Supporting FACTS:** "Mr. Aziz asked counsel, and counsel failed to obtain the records to prove Defendant's innocence. Medical records that confirm Aziz doesn't wear glasses, as perpetrator is said to wear. Failure to subpoena, sign in log records from both 5th/ 4th District Police Station to show the officers lied about releasing Aziz after 72 hours for lack of evidence, and showing (5th District) they lied about transferring Aziz to 4th District. Also failure to subpoena BMV for Defendants driving record. Aziz license are suspended, yet 5th District Sgt. Mamone stated he matched the description from dispatch, to Aziz's drivers' license and found the description fit. Counsel failed to effectively argue that the court erred and abused its discretion, in allowing testimony that was impermissibley [sic] suggestive and lacked any indicia of reliability."
>
> **C.  GROUND THREE:** DENIAL OF DUE PROCESS
>
> **Supporting FACTS:** "Trial court permitted the introduction of a purported pre-trial identification over objection and in the absence of any indicia of reliability, due process is denied the Defendant. The trial court permitted the evidence of only one photo of Mr. Aziz over objection, creating a false identification which misled the jury and

4

resulted in the denial of due process. And unlawful conviction."

In a memorandum attached to the petition  petitioner asserted another two claims for relief:

**GROUND ONE: CONSTITUTIONAL ERROR 1**:

THE ABSENCE OF SUFFICIENT COMPETENT, CREDIBLE EVIDENCE TO ESTABLISH GUILT BEYOND A REASONABLE DOUBT RENDERS A RESULTING CONVICTION VIOLATIVE OF THE DUE PROCESS CLAUSE, BECAUSE THE TRIAL COURT ERRED BY DENING [SIC] APPELLANTS MOTION FOR ACQUITTAL UNDER CRIM. R. 29 BECAUSE THE STATE PRESENTED INSUFFICIENT EVIDENCE.

**GROUND TWO: CONSTITUTIONAL ERROR 2**:

WHEN A TRIAL COURT PERMITS THE INTRODUCTION OF A PURPORTED PRETRIAL IDENTIFICATION OVER OBJECTION AND THE ABSENCE OF ANY INDICIA OF RELIABILITY DUE PROCESS IS DENIED THE DEFENDANT.

Petitioner also included the following two claims for relief in an attachment to the aforementioned memorandum:

**INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

1)  FAILED TO PROPERLY ARGUE THE EYEWITNESS IDENTIFICATION ISSUE ON FIRST DIRECT APPEAL;

2) FAILED TO PROPERLY ARGUE THE INSUFFICIENCY OF THE EVIDENCE ON FIRST DIRECT APPEAL.

At the outset, this Court agrees with respondent's assertion that in reviewing the petitioner's submissions it is apparent that there is overlap in his claims for relief and, therefore, they should be considered as presenting four claims for relief– the three raised in the petition with the fourth being ineffective assistance of appellate counsel.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after

the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[2]

Respondent asserts that petitioner's second and fourth claims for relief should be dismissed as procedurally barred for lack of exhaustion.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court.  Baldwin v. Reese, 541 U.S. 27 (2004);  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001).  Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004).  It is not enough to present the

---

[2]There are no issues of untimeliness in this case.

facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152,162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, mere use of the term "ineffective assistance" would not alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). For example, under a longstanding Ohio procedural rule a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1979), which in turn would leave no remaining available state remedies to exhaust.

However, having survived the exhaustion analysis a petitioner would nonetheless be barred from presenting claims for relief in habeas corpus which were not presented in the state courts unless he/she demonstrates cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v.

7

Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004); Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S. Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002).

In his second claim for relief petitioner alleges that he was denied the effective assistance of trial counsel.

After reviewing the record of state court proceedings, this Court agrees with respondent that this claim for relief was not fairly presented to the state courts as it must be in order to satisfy the exhaustion doctrine. The failure to raise this issue on direct appeal despite the fact that he was represented by new counsel and the information necessary to make such a claim was available to him would result in procedural default under the authorities set forth previously herein, as petitioner has not demonstrated cause for the failure to present that argument to the appellate court and actual prejudice to his appeal. As a consequence, petitioner's second claim for relief is procedurally defaulted and should be dismissed on that basis.

In petitioner's fourth claim for relief he argues that his appellate counsel was constitutionally ineffective by failing to aptly argue the issue of absence of eyewitness identification and by failing to properly argue the insufficiency of the evidence relied upon to convict him.

Petitioner did raise the issue of ineffective assistance of appellate counsel in his Rule 26(B) application to reopen his direct appeal, but he failed to appeal to the state supreme court the appellate court's refusal to reopen. Pursuant to Rule II, § 2(A)(4)(b) of the Rules of Court of the Ohio Supreme Court, delayed appeals of denials of Rule 26 (B) applications to reopen are prohibited. Consequently, the claim has been technically exhausted but procedurally defaulted.

While it is true that a petitioner who has not shown cause and prejudice may still convince a court to consider defaulted claims for relief by producing new evidence that a constitutional violation has probably resulted in a conviction of one who is actually innocent, <u>Dretke v. Haley</u>, 541 U.S. 386 (2004), petitioner has made no such showing.

Having failed to offer evidence of cause for the procedural defaults and actual prejudice to his appeal, or new evidence of actual innocence, petitioner's fourth claim for relief is also subject to dismissal as procedurally defaulted.

That, however, is a distinction without a difference in light of the fact that in the briefing in support of the claims underlying his fourth claim for relief, petitioner focuses on the underlying claims of the impropriety of admitting the eyewitness pre-trial photo identification and of the insufficiency of the evidence relied upon to convict him, arguments which are before this Court on merits review.

Turning to a review of the merits of the remaining claims for relief, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable

application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

Petitioner's first claim for relief, as set forth in Ground One in the petition and in Ground One of the attached memorandum, is a challenge to the sufficiency of the evidence relied upon to convict him.

The standard for addressing an argument that a conviction is not supported by sufficient evidence was enunciated in Jackson v. Virginia, 443 U.S. 307, 319 (1979), as follows: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Accord, McKenzie v. Smith, 326 F.3d 721, 727 (6th Cir. 2003); Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003). Although circumstantial evidence may be relied upon to support a conviction, it is not necessary for that evidence to dispel every reasonable theory of the case except that of guilt. Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S.Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Walker v. Russell, 57 F.3d 472, 475 (6th Cir. 1995). In reaching its determination as to the sufficiency of the evidence this Court may not substitute its determination of guilt for that of the factfinder and may not weigh the credibility of the witnesses. Herrera v. Collins, 506 U.S. 390, 401-402 (1993); Jackson v. Virginia, 443 U.S. at 319, n.13; Brown v. Davis, 752 F.2d 1142 (6th Cir. 1985).

That standard has been modified somewhat by §2254(d) in that questions of sufficiency of the evidence are mixed questions of law and fact upon which a writ may be granted only if the adjudication of the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," §2254(d)(1), or was based upon "an unreasonable determination of the facts in light of the evidence presented" at petitioner's trial, §2254(d)(2). Starr v. Mitchell, unreported, Case No. 98-4541, 2000 U.S.App. LEXIS 25646,*9-*10 (6th Cir. October 6, 2000).

The state appellate court summarized the facts adduced at trial and reviewed petitioner's claims that he was convicted without sufficient proof, and held in pertinent part:

According to the facts, the victim, Dion Sellers ("Sellers"), testified that around 11:30 p.m. on February 22, 2003, he returned to where he had previously parked his vehicle with three of his friends and saw a leg hanging out of the open driver's door of his car. He and his three friends then walked up and questioned the man.

Sellers stood in the car doorway with Dwight Taylor ("Taylor") to his right side, Jamarr McLemore ("McLemore") behind Taylor and Rick Conner near the rear of the car. A male was attempting to steal the radio/CD player from the vehicle. When the men encountered the man he was holding and disassembling the radio, which had a detachable face. Sellers bent down and asked the man if the car belonged to him, and the man replied affirmatively. Sellers then swung a full beer bottle he had in his possession at the man. Almost simultaneous to Sellers' actions, the man fired his gun at Sellers.

The first shot went through one of Sellers' coat sleeves but missed his arm. Additional bullets also shattered the driver's-side window, and went through Sellers' clothes but did not cause any bodily injury. After the perpetrator fired his gun, Sellers and his friends ran for cover. The perpetrator tried to escape to a Ford Aerostar van a short distance down the street. However, the ground had recently frozen and the wheels were unable to get traction and just spun, so the perpetrator fled on foot. Sellers immediately told a security guard what had happened and returned with the guard to McLemore's house, where 9-1-1 was called.

Cleveland police officer Jason Greenaway, on basic patrol at the fourth district, responded at about 11:55 p.m. Officer Greenaway ran the license plate on the Ford van and learned that it belonged to appellant and that it had not been reported stolen. At 2:42 a.m., police received a call from appellant stating that he wanted to report a car-jacking. He called from a pay phone and refused to have an ambulance sent. Saying he was all right. The dispatcher asked that appellant wait for police officers to arrive, but he did not want to stay.

Appellant eventually went to the fifth district police station at about 4:30 a.m. At approximately the same time, Officer Greenaway was finishing his report at 4:50 a.m. at the fourth district when he heard a dispatch over the radio notifying him that appellant was at the fifth district claiming he had been carjacked. Officer Greenaway immediately explained his investigation to the officer-in-charge ("OIC") at the fifth district station and learned that appellant was

12

wearing a black pullover jacket.

Officer Greenaway told the OIC at the fifth district to detain appellant until he was able to get there, and fifth district personnel did so. Sergeant Mamone informed Officer Greenaway that appellant seemed erratic and deceitful with his comments. He stated that appellant's comments seemed more deceptive than those of a normal robbery victim, and he did not seem upset or panicked. Sergeant Mamone told Officer Greenaway that appellant's explanations were in conflict about where and when the alleged incident happened and how he ended up at the fifth district station instead of the fourth district station.

Approximately two or three days later, Sellers, McLemore, and Taylor were interviewed by a fourth district detective and were each shown a set of photographs.

\* \* \* \* \*

The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *State v. Thompkins* (1997), 78 Ohio St.3d 380.

Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial,to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the

13

> conflicting testimony. Id.
>
> * * * * *
>
> It is with the above standards in mind that we now address appellant's second and third assignments of error. There is nothing in the record demonstrating that the evidence in this case is anything but legally sufficient to support the jury verdict. Furthermore, there is nothing in the record suggesting that the trial court clearly lost its way and created a miscarriage of justice requiring reversal of appellant's conviction.
>
> To the contrary, the evidence in the record demonstrates that the trial court acted properly regarding the evidence presented. For example, there is sworn testimony in this case that appellant fired shots from a handgun directly at Sellers during an altercation in Sellers' vehicle. The gun was fired approximately seven to eight times, and the spent cartridges were found on the ground after the shooting. The driver's-side car window was shattered, and the victim's coat received a bullet hole as a direct result of the shooting.
>
> In addition to the testimony presented, the State of Ohio ("State") put several pictures demonstrating the extent of the damage into evidence. Based on the evidence presented at the trial, as well as the lower court's review of that evidence, we find appellant's second and third assignments of error to be without merit. We find that the State did indeed present sufficient evidence to support appellant's convictions. Furthermore, we find that the convictions were not insufficient nor were they against the manifest weight of the evidence.

In this Court's opinion the state appellate court's analysis fell short by merely focusing on the damage to the automobile and to the victim's clothing as a result of the shooting, as opposed to the fact that a man with similar physical build, same age, and wearing a sweatshirt matching that which petitioner was wearing when he came to the police station tried to flee the crime scene in a van later found to belong to petitioner; the inconsistencies in petitioner's carjacking story, including the lengthy delay in reporting a carjacking; and the descriptions by the police officers of his suspect demeanor upon reporting to them that he had been the victim of a carjacking. Despite that

14

shortcoming, in reaching its determination on sufficiency of the evidence the state appellate ruling, which relied overall on state authorities but also applied analysis set forth in Jackson v. Virginia, supra, neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented. In addition, based upon the totality of the evidence this Court would conclude that petitioner's convictions satisfy the Jackson standard.

That being so, petitioner's first claim for relief is without merit.

In his third claim for relief, as set forth in Ground Three in the petition and Ground Two in the attached memorandum, petitioner challenges the introduction of evidence of a pre-trial eyewitness photo identification as having denied his due process rights.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). As a general rule, an error in the admissibility of evidence does not constitute such a denial, as such errors are matters of state law not cognizable in habeas corpus. Byrd v. Collins, 209 F.3d 486, 528 (6th Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Under the AEDPA the states have wide latitude in ruling on evidentiary matters. Seymour v. Walker, 224 F.3d 542 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001). In considering a habeas corpus petition a federal court may not grant such petition merely because it disagrees with the evidentiary rulings of the state courts, but may only grant relief if the state court's evidentiary rulings were contrary to rulings of the United State Supreme Court on a similar question of law or if the state courts decided the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. Sanders v. Freeman, 221 F.3d 846 (6th Cir. 2000).

15

In rejecting petitioner's challenges to the admissibility of evidence of a pre-trial eyewitness photo identification  the state appellate court held in pertinent part:

> Appellant's first assignment of error states the following:
>
> "Appellant's right to due process was violated when the trial court allowed the state to introduce evidence of a witness' pretrial identification from a photographic array without introducing the photographic array or testimony from the officer who administered it and because the same witness was unable to identify appellant at trial."
>
> We find that the trial court acted properly and did not err in admitting evidence of the pretrial photographic identification. Appellant argues that the trial court should not have been allowed to introduce evidence from a photographic array in the manner in which it did. He further argues that *Neil v. Biggers* (19722), 409 U.S. 188 applies; however, we do not find *Neil* to be relevant to the specific facts in the case at bar.
>
> *Neil v. Biggers* is a United State Supreme Court case holding that convictions based on eyewitness identification *at trial stemming from impermissibly suggestive* pretrial identification procedures which give rise to a very substantial likelihood of irreparable misidentification must be set aside.  In the case at bar, during the trial, no eyewitnesses identified appellant as the shooter.  Appellant admitted this in his brief, when he stated the following: "In this case none of the four eyewitnesses could identify appellant as the man who shot them on February 22, 2003 *at trial*." (Emphasis added.)
>
> Appellant failed to demonstrate that the conviction was "based on any eyewitness identification at trial."  In fact, appellant's conviction was based on the evidence given at trial, such as appellant's lack of credibility, the presence of his van at the crime scene during the time period in question, his physical characteristics, eyewitnesses, and descriptions of his clothing.
>
> In addition, appellant failed to cite any case law to support his contention that the state is required to introduce the photographic array, that the officer who administered the photographic array is required to testify, or that the witness who selects a photograph from an array must identify the person in the picture at trial.  In fact, this court previously found that a defendant may proffer into evidence

other photographs that were part of an array.  See *State v. Crosby*, Cuyahoga App. No. 58168, 1991-Ohio-1164.  In addition to appellant's misplaced reliance on *Neil v. Biggers*, we find that appellant failed to show that the pretrial identification was suggestive.

Even assuming arguendo that appellant's conviction was based on eyewitness identification at trial, appellant failed to demonstrate that the challenged identification testimony was inadmissible.  Appellant contends that the array was suggestive because Taylor was only looking for an indication of glasses, and appellant's photograph was the only one with marks on the nose.  Eyewitnesses frequently rely on a single characteristic or two when pointing out a potential suspect.

The Supreme Court of Ohio applied the totality of the circumstances test and found that a pretrial identification procedure using only a single photograph of the defendant did not create a substantial likelihood of misidentification.  *State v. Wells*, Cuyahoga App. No. 64575, 1994-Ohio-354.

Even if an identification procedure utilized was suggestive, as long as the identification itself is otherwise reliable, the identification is admissible.  In determining whether the identification itself is admissible, the court must consider the totality of the circumstances.  Although the identification procedure may have contained notable flaws, this factor does not, per se, preclude the admissibility of the subsequent in-court identification.  Reliability is the linchpin in determining the admissibility of identification testimony.  The factors affecting reliability include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.  Thus, although the identification procedure is suggestive, so long as the challenged identification itself is reliable, it is admissible.  Id.  Appellant did not proffer sufficient reasons in the case at bar for us to find that the pretrial identification was suggestive. The challenged identification was, therefore, reliable and admissible.

Furthermore, appellant did not move to suppress the evidence he alleged violated his constitutional due process rights, therefore waiving any objections he was required to make before trial.  Where an accused fails to object timely to testimony at trial, he waives any

>such error related thereto.  See *State v. Crosby*, Cuyahoga App. No. 58168, 1991-Ohio-1164.

The foregoing ruling of the state appellate court is mainly premised on application of state law, as well as on factual determinations entitled to a presumption of correctness which can only be rebutted by clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998); McQueen v. Scroggy, 99 F.3d 1302, 1310 (6th Cir. 1996), cert. denied, 117 S.Ct. 2422 (1997). Nothing in this ruling was contrary to rulings of the United State Supreme Court on a similar question of law, nor did the state court decide the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. Consequently, there is nothing in the state appellate court decision which would lead this Court to find that there has been an infringement of a right guaranteed by the United States Constitution.

That is particularly true in light of the fact that the witnesses at trial were unable to identify petitioner, so that his conviction did not turn on eyewitness identification but rather on other evidence which included the fact that a man with similar physical build, same age, and wearing a sweatshirt matching that which he wore when he later reported to the police station tried to flee the crime scene in a van later found to belong to petitioner; the inconsistencies in petitioner's carjacking story, including the lengthy delay in reporting a carjacking; and the descriptions by the police officers of his suspect demeanor upon reporting to them that he had been the victim of a carjacking.

Petitioner's second claim for relief, therefore, is without merit.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

                                                                                                                _____
                                                                                                                s/DAVID S. PERELMAN
                                                                                                                 United States Magistrate Judge

DATE:    May 15, 2006

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).