UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Malik Aziz El, | ) | CASE NO. 1:05 CV 1993 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| State of Ohio, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Malik Aziz El's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF # 1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses the Petition. Petitioner's Motion for Ruling (ECF # 25) is denied as moot.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

In May 2003, the Cuyahoga County Grand Jury indicted Petitioner on one count of Aggravated Robbery in violation of Ohio Rev. Code § 2911.01; four counts of Felonious Assault in violation of Ohio Rev. Code § 2903.11; and one count of Attempted Murder in violation of Ohio

Rev. Code §§ 2903.02 and 2923.02.  Each of these six counts carried two Firearm Specifications, a Notice of Prior Conviction, and a Repeat Violent Offender ("RVO") Specification.  Trial commenced on January 6, 2004.  The jury found Petitioner guilty of one count of Aggravated Robbery, one count of Felonious Assault, and one count of Attempted Murder; and not guilty of the remaining three counts of Felonious Assault. On January 12, 2004, the trial court sentenced Petitioner to concurrent ten year sentences for the Aggravated Robbery, Felonious Assault and Attempted Murder counts, plus three years actual incarceration for the Firearm Specification and one year for the RVO Specification with the three year sentence to run prior to and consecutive to the ten year sentences and the one year sentence to run consecutive to the others, for a total of fourteen years in prison.

Petitioner filed a Motion for New Trial, which was denied. He then timely appealed his conviction and sentence to the Eighth District Court of Appeals.  On December 9, 2004, the Court of Appeals affirmed Petitioner's convictions but remanded the matter to the trial court for resentencing.  On January 18, 2005, Petitioner filed an appeal to the Ohio Supreme Court.  On March 23, 2005, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Shortly thereafter, on March 24, 2005, the trial court resentenced Petitioner to the original sentences.  Petitioner appealed the foregoing sentence, but that appeal was later dismissed at his request.

Meanwhile, on January 20, 2005, Petitioner filed a delayed Application for Reopening his Appeal Pursuant to App. R. 26(B).  On May 12, 2005, the Court of Appeals denied Petitioner's 26(B) Application, finding that Petitioner had failed to comply with App.R. 26(B) and, further, that the Application was barred by res judicata. Petitioner did not appeal the denial of his 26(B)

Application.

Petitioner filed the instant Petition for a federal Writ of Habeas Corpus in this Court on August 15, 2005, asserting the following grounds for relief:

> **GROUND ONE**: Conviction obtained by unconstitutional failure of the prosecution to disclose to defendant evidence favorable to the defendant.
>
> **SUPPORTING FACTS**: "There was no proof that Defendant was at the scene. No fingerprints, no gun power residue test to prove defendant was the shooter. Witnesses made no positive ID of Mr. Aziz in a line up or during trial identification! There was no gun recovered.  The trial court erred by denying appellants' motion for acquittal under Crim. R. 29, because the State presented insufficient evidence."
>
> **GROUND TWO**: Ineffective Assistance of Counsel
>
> **SUPPORTING FACTS**: "Mr. Aziz asked counsel, and counsel failed to obtain the records to prove Defendant's innocence. Medical records that confirm Aziz doesn't wear glasses, as perpetrator is said to wear.  Failure to subpoena, sign in log records from both 5th/4th District Police Station to show the officers lied about releasing Aziz after 72 hours for lack of evidence, and showing (5th District) they lied about transferring Aziz to 4th District. Also failure to subpoena BMV for Defendants driving record.  Aziz license are suspended, yet 5th District Sgt. Mamone stated he matched the description from dispatch, to Aziz's drivers' license and found the description fit.  Counsel failed to effectively argue that the court erred and abused its discretion, in allowing testimony that was impermissibly suggestive and lacked any indicia of reliability."
>
> **GROUND THREE**: Denial of Due Process
>
> **SUPPORTING FACTS**: "Trial court permitted the introduction of a purported pre-trial identification over objection and in the absence of any indicia of reliability, due process is denied the Defendant.  The trial court permitted the evidence of only one photo of Mr. Aziz over objection, creating a false identification which misled the jury and resulted in the denial of due process. And unlawful conviction."

In a Memorandum attached to the Petition, Petitioner asserted another two claims for relief:

> **Constitutional Error 1**: The absence of sufficient competent, credible evidence to establish guilt beyond a reasonable doubt renders a resulting conviction

-3-

violative of the Due Process Clause, because the trial court erred by denying appellants motion for acquittal under Crim. R. 29 because the State presented insufficient evidence.

**Constitutional Error 2**: When a trial court permits the introduction of a purported pretrial identification over objection and the absence of any indicia of reliability Due Process is denied the defendant.

Petitioner also included the following two claims for relief in an attachment to the aforementioned Memorandum:

**INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL:**

1) Failed to properly argue the eyewitness identification issue on first direct appeal;

2) Failed to properly argue the insufficiency of the evidence on first direct appeal.

On November 3, 2005, the Court referred the Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on May 15, 2006. This Court adopted the Magistrate Judge's Report and Recommendation and denied the Petition on November 28, 2006. Petitioner thereafter filed a Motion to Vacate Judgment on March 26, 2007, claiming the Clerk's Office had not mailed him a copy of the Magistrate Judge's Report and Recommendation and, therefore, he had not been able to file timely Objections. On November 8, 2007, the Court vacated its denial of the Petition and gave Petitioner the opportunity to file Objections. Petitioner thereafter filed his Objections to the Report and Recommendation on January 4, 2008.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

As an initial matter, the Court notes that Petitioner raises grounds for relief in both the Petition itself, a Memorandum attached to the Petition, and an attachment to the Memorandum. The Magistrate Judge found overlap in Petitioner's various grounds for relief and recommended they be considered as four claims; i.e. the three raised in the Petition (sufficiency of the evidence; ineffective assistance of trial counsel, and due process relating to the introduction of a pre-trial identification) and the ineffective assistance of appellate counsel claim raised in the attachment to the Petitioner's Memorandum in support of his Petition. Petitioner does not object to this characterization of his grounds for relief. The Court agrees with the Magistrate Judge that

Petitioner's Petition, Memorandum, and attachment to the Memorandum raise the four claims for relief identified by the Magistrate, and will construe Petitioner's claims accordingly.

In Ground One, Petitioner contends that his convictions for Aggravated Robbery, Felonious Assault and Attempted Murder were based on insufficient evidence, and that the trial court erroneously denied his Motion for Judgment of Acquittal. Petitioner asserts there was no physical evidence that he was at the scene of the crime, as the prosecution failed to introduce any fingerprint or DNA evidence. Moreover, he notes that no witnesses were able to positively identify him at trial, and argues at length that the one pre-trial identification of him as the perpetrator lacks credibility. He further asserts a gun was never recovered and the prosecution offered no evidence (either in the form of gunshot residue test results or reliable eyewitness testimony) that he ever fired a gun. Based on the above, Petitioner maintains the prosecution failed to prove the elements of the offenses charged and that "the absence of sufficient competent evidence to establish guilt beyond reasonable doubt renders [his] resulting conviction violative of Due Process." (ECF # 24 at 2).

The Magistrate Judge points out that the standard for addressing an argument that a conviction is not supported by sufficient evidence was enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) as follows: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See also Cavazos v. Smith*, 132 S.Ct. 2 (2011); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).[1]

---

[1] Although the state Court of Appeals does not cite the *Jackson* case in its decision, it does cite another Supreme Court case, *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), which references the sufficiency of the evidence standard set forth in *Jackson*. The Court of Appeals also cites an Ohio Supreme Court decision, *State v. Thompkins*, 78 Ohio St.3d 380

Questions of sufficiency of evidence are mixed questions of fact and law upon which a writ may be granted only if the adjudication of the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or was based upon "an unreasonable determination of the facts in light of the evidence presented" at petitioner's trial, § 2254(d)(2). *Starr v. Mitchell*, Case No. 98-4541, 2000 WL 1529807 at * 3 (6th Cir. Oct. 6, 2000).

The Sixth Circuit has held that, because both the *Jackson v. Virginia* standard and AEDPA apply to a petitioner's constitutional challenge to the sufficiency of the evidence, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the [state appellate court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). The *Jackson v. Virginia* standard is "so demanding that 'a defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis*, 658 F.3d at 534 (quoting *U.S. v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)). "Adding to this extremely high bar are the stringent and limiting standards of AEDPA," which provide that a federal habeas court may reverse a state court decision that correctly identifies and applies the controlling Supreme Court precedent only if the application of that precedent was "objectively unreasonable," meaning "more than incorrect or erroneous." *Id*. (quoting *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)).

---

(1997), which refers to previous Ohio Supreme Court decisions adopting the *Jackson* standard. Thus, this Court's review is governed by the deferential standard of review set forth in 28 U.S.C. § 2254(d).

The elements of the offenses at issue in the instant case are as follows. Ohio Revised Code § 2911.01(A)(3), which governs Aggravated Robbery, states "No person, in attempting or committing a theft offense . . . or in fleeing immediately after the attempt or offense . . . shall . . . [i]nflict, or attempt to inflict, serious physical harm on another." The Felonious Assault statute provides that "No person shall knowingly . . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code. § 2903.11(A)(2). Lastly, the Attempted Murder statutes provide that "No person shall purposely [attempt to] cause the death of another." Ohio Rev. Code §§ 2903.02/ 2923.02.

After thoroughly reviewing the record, the Magistrate Judge concluded the state Court of Appeals' decision that sufficient evidence existed to support Petitioner's conviction neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented. Specifically, the Magistrate found that the totality of the evidence supported a finding that Petitioner's convictions satisfy the *Jackson* standard and noted the following evidence introduced at trial: "a man with similar physical build, same age, and wearing a sweatshirt matching that which Petitioner was wearing when he came to the police station tried to flee the crime scene in a van later found to belong to Petitioner; the inconsistencies in Petitioner's carjacking story, including the lengthy delay in reporting a carjacking; and the descriptions by the police officers of his suspect demeanor upon reporting to them that he had been the victim of a carjacking." (Report & Recommendation at 14).

Upon conducting its own de novo review, the Court agrees with the Magistrate Judge's determination that the Court of Appeals correctly found sufficient evidence existed establishing

Petitioner as the perpetrator of the crime, and the evidence presented was sufficient to prove the elements of the crimes charged. In his Objections, Petitioner strenuously argues the evidence identifying him as the perpetrator is not credible. Petitioner's claim is essentially an attack on the credibility of the witnesses, but "[l]ooking at the case in the light most favorable to the prosecution . . . mean[s] resolving credibility conflicts in favor of the prosecution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983) (citing *Jackson*, 443 U.S. at 319). Moreover, "[a]ttacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). *See also Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (stating that "[a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of the evidence claims"). Accordingly, the Court rejects Petitioner's arguments that the identification evidence introduced by the prosecution was insufficient to support his convictions.

Petitioner also argues the evidence was insufficient to support his convictions because it was entirely circumstantial. However, the Sixth Circuit has held that "[c]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Algee*, 599 F.3d 506, 512 (6th Cir. 2010). *See also Davis*, 658 F.3d at 535 (finding that "[i]n light of the strong circumstantial evidence that [petitioner] was involved in the planning and execution of the carjacking, at least one 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'"). The Court has reviewed the record and determines that the evidence introduced to support Petitioner's convictions, although circumstantial, was sufficient to support his convictions of the offenses charged.

Therefore, Ground One is dismissed pursuant to § 2254(d), as the ruling of the Court of Appeals did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor was it based upon an unreasonable determination of the facts in light of the evidence presented at trial.

The Magistrate Judge also recommended that Grounds Two, Three and Four be dismissed. In his Objections, Petitioner does not address, or raise any objections regarding, the Magistrate's recommendations as to these Grounds. Therefore, the Court must assume that Petitioner is satisfied with the Magistrate Judge's recommendations regarding Grounds Two, Three and Four. Any further review of these Grounds by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984) *aff'd* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                    S/Christopher A. Boyko
                    CHRISTOPHER A. BOYKO
                    UNITED STATES DISTRICT JUDGE